AO 120 (Rev. 08/10)

| TO:  Mail Stop 8<br>**Director of the U.S. Patent and Trademark Office**<br>**P.O. Box 1450**<br>**Alexandria, VA 22313-1450** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION REGARDING A PATENT OR**<br>**TRADEMARK** |
|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court     MIDDLE DISTRICT OF FLORIDA TAMPA DIVISION     on the following

☒ Trademarks or  ☐ Patents .  ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO.<br>8:26-cv-01039-CEH-TGW | DATE FILED<br>4/9/2026 | U.S. DISTRICT COURT<br>MIDDLE DISTRICT OF FLORIDA TAMPA DIVISION | |
|---|---|---|---|
| PLAINTIFF<br><br>Hybe America Inc. et al | | DEFENDANT<br><br>John Does 1-100 et al | |
| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK | |
| 1     See Attached | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment  ☐ Answer  ☐ Cross Bill  ☐ Other Pleading | |
|---|---|---|
| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| <br><br><br><br> |

| CLERK<br><br>Elizabeth Warren | (BY) DEPUTY CLERK<br><br>A. Waddell | DATE<br><br>04/10/2026 |
|---|---|---|

**Copy 1—Upon initiation of action, mail this copy to Director     Copy 3—Upon termination of action, mail this copy to Director**
**Copy 2—Upon filing document adding patent(s), mail this copy to Director     Copy 4—Case file copy**

HYBE CO. LTD. F/K/A BIG HIT
ENTERTAINMENT CO. LTD., BIGHIT
MUSIC CO. LTD. AND HYBE AMERICA
INC.,

     Plaintiffs,

v.

JOHN DOES 1-100, JANE DOES 1-100,
AND XYZ COMPANIES 1-100,

     Defendants.

## COMPLAINT

Plaintiffs HYBE Co. Ltd. f/k/a Big Hit Entertainment Co. Ltd. ("HYBE"),

BIGHIT MUSIC Co. Ltd. ("BIGHIT"), and HYBE America Inc. ("HYBE

America") (collectively, "Plaintiffs"), by their undersigned attorneys,

complaining of Defendants herein, allege as follows:

## JURISDICTION AND VENUE

1. This action arises under the Lanham Act, 15 U.S.C. §§ 1051 *et seq*.

Accordingly, this Court has federal question jurisdiction over the subject

matter of this action pursuant to 15 U.S.C. § 1221 and 28 U.S.C. §§ 1331 and

1338. Venue in this district is proper under 28 U.S.C. § 1391(b) because

Defendants will be selling and distributing unauthorized goods at BTS's

upcoming scheduled concert performances at Raymond James Stadium, in Tampa, Florida on April 25, 26, and 28, 2026 (the "Tampa Shows").

## PARTIES

2.      Plaintiff HYBE is a music-based entertainment lifestyle company with its principal place of business in Seoul, South Korea, and parent company to plaintiffs HYBE America and BIGHIT.

3.      Plaintiff HYBE America is a U.S.-based affiliate and wholly-owned subsidiary of HYBE, with its principal place of business in Los Angeles, California.

4.      Plaintiff BIGHIT is one of the world's leading record labels, with its principal place of business in Seoul, South Korea.  BIGHIT manages the musical performing group known as BTS ("BTS" or the "Artist") and owns the rights in and to BTS's name, logos, likenesses and trademarks (collectively, the "Trademark"), which it manages and exploits through its exclusive management of BTS.

5.      BIGHIT has conveyed to HYBE the exclusive rights to exploit the Trademark pertaining to BTS, including for the purposes of producing and planning the group's concert performances as well as producing, distributing, and selling various types of music-related merchandise.

6.      HYBE sells, and licenses the sale of, merchandise through retail establishments and at BTS's concert performances.  The merchandise sold by

HYBE and/or its licensees at BTS's concerts includes, without limitation, tour and program books, T-shirts and other clothing, posters, photographs, bags, hats, light sticks, keyrings, and stickers (collectively, the "Tour Merchandise"). HYBE holds the exclusive rights to sell Tour Merchandise in connection with BTS's scheduled concert performances at Raymond James Stadium on April 25, 26, and 28, 2026. BTS's name has been used for years to identify it as a K-pop (or "Korean pop") group and boy band in all phases of the entertainment industry and to distinguish BTS from all other such groups.

7. Defendants John Does 1-100, Jane Does 1-100 and XYZ Companies 1-100 who are sued herein under fictitious names because their true names and capacities are unknown at this time. This complaint will be amended when their true names and capacities are ascertained.

8. The individual defendants will be present in and about the Middle District of Florida in connection with the claims asserted below and are or will be subject to the jurisdiction of this Court.

9. Defendants XYZ Companies, through their agents, servants and employees, are or will be present in and about the Middle District of Florida and are or will be subject to the jurisdiction of this Court. This complaint will be amended when their true name is ascertained.

10. Defendants, and each of them, are individuals and business entities who, upon information and belief, are acting in concert and active participation with each other in committing the wrongful acts alleged herein.

11. Defendants John Does 1-100, Jane Does 1-100, and XYZ Companies are hereinafter referred to collectively as "Defendants."

## THE BACKGROUND OF THE ACTION

12. BTS is one of the most popular and successful musical acts worldwide. It has received 43 Mnet Asian Music Awards, 40 Melon Music Awards, 31 Golden Disc Awards, 27 Seoul Music Awards, seven Korean Music Awards, 27 Gaon Chart Music Awards, twelve *Billboard* Music Awards, eleven American Music Awards, five Grammy nominations, seven Teen Choice awards, and ten MTV Video Music Awards, among countless other accolades. Having sold over 44 million albums on the Gaon Music Chart, BTS is the best-selling artist in South Korean history. In South Korea alone, BTS holds five Multi-Million albums and five Platinum streaming singles. As the first Korean group to receive RIAA certification, BTS has one 5x Platinum single, one Double Platinum single, three Platinum albums, nine Platinum singles, ten Gold singles, and one Gold album in the U.S. Its last seven albums debuted at number one on the U.S. *Billboard* 200—making them the first Korean albums to top the U.S. albums chart and the highest-charting albums by an Asian musical act in the U.S. ever.

13. BTS also has an ubiquitous social media presence and cultural influence. As of 2022, the group has attained 25 Guinness World Records, including the world record for most Twitter engagements. It has spent 210 weeks at #1 on the *Billboard* Social 50 chart, which tracks the most active musical artists on the world's leading social networking services. The group's members have been awarded a fifth-class Hwagwan Order of Cultural Merit from the President of South Korea for their contributions in spreading Korean culture and language, and they are widely credited with having revitalized the Korean music industry and boosted musical industry revenues worldwide. It has been estimated that BTS's economic impact on South Korea amounts to several billion dollars, and its ticket sales in Korea and abroad have shattered records and brought millions of dollars to cities in which the group has performed live. President Biden invited BTS to the White House in 2022 to discuss the importance of standing against anti-Asian hate crimes.

14. On March 20, 2026, BTS released its fifth Korean-language studio album, *Arirang* (the "Album"). The Album is the group's first release since they went on hiatus for each member to fulfill their mandatory military service obligations in South Korea, resulting in a multi-year pause in full group activities. During that period, fans patiently awaiting their return to touring activities. Although solo releases and some individual touring helped with

demand, a full group comeback with a new album and tour has produced an exceptional, unparalleled, concentrated spike in demand.

15. As a result, *Arirang* debuted at number one on the U.S. Billboard 200, and its 14 tracks filled the top 14 spots of Spotify's global top-50 chart on its first day. The Album received a total of 110 million streams on Spotify—the most first-day Spotify streams for any 2026 album—and, on Apple Music, it broke the record for most first-day streams ever for a pop group's album.

16. To coincide with the Album's release, the Artist has launched a world tour, styled as the BTS WORLD TOUR ARIRANG (the "Tour"), which is scheduled to include the following tour stops and concert performances at some of the largest and most prominent venues in the United States:

a. Tampa, Florida: Raymond James Stadium, April 25, 26, and 28, 2026;

b. El Paso, Texas: Sun Bowl Stadium, May 2 and 3, 2026;

c. Stanford, California: Stanford Stadium, May 16, 17, and 19, 2026;

d. Las Vegas, Nevada: Allegiant Stadium, May 23-24 and 27-28, 2026;

e. East Rutherford, New Jersey: MetLife Stadium, August 1-2, 2026;

f. Foxborough, Massachusetts: Gillette Stadium, August 5-6, 2026;

g. Baltimore, Maryland: M&T Bank Stadium, August 10-11, 2026;

h. Arlington, Texas: AT&T Stadium, August 15-16, 2026;

> i. Chicago, Illinois: Soldier Field, August 27-28, 2026; and
>
> j. Los Angeles, California: SoFi Stadium, September 1-2 and 5-6, 2026.

17. Plaintiffs bring this action to prevent the sale of counterfeit and infringing "bootleg" tour merchandise in connection with BTS's concert performances at Raymond James Stadium and future U.S. stops on the current Tour, both at the concert venues themselves and at official vending sites that will be operated nearby. If such counterfeit and infringing activities were permitted to continue, it would cause substantial harm to Plaintiffs, their licensees, and BTS.

18. Defendants will sell and distribute unauthorized, infringing, and counterfeit T-shirts, posters, and other merchandise ("Bootleg Merchandise") bearing the registered trademarks, service marks, images, likenesses, logos and other indicia (collectively, the "Trademarks") of BTS in the vicinity of the Tampa Shows before, during and after the performance, and at subsequent concerts during the Tour as they have done on every other prior BTS tour.

19. The Bootleg Merchandise is of the same general appearance as Plaintiffs' official Tour Merchandise and is likely to cause confusion among prospective purchasers. Defendants' Bootleg Merchandise is not authorized by the Artist or Plaintiffs.

20.     HYBE previously obtained identical relief in connection with several of the Artist's concert performances in 2019 and 2021, including in Los Angeles County Superior Court (*HYBE Co. Ltd. f/k/a Big Hit Entertainment Co. Ltd. et al. v. John Does 1-100 et al.*, Case No. 21AHCV00077 (Cal. Super. Ct. filed November 5, 2021); *Big Hit Entertainment Co. Ltd. v. John Does 1-100 et al.*, Case No. 19GDCV00547 (Cal. Super. Ct. filed May 1, 2019)), and in the U.S. District Court for the Northern District of Illinois (*Big Hit Entertainment Co. Ltd. v. Various John Does et al.*, Case No. 19 CV 03070 (N.D. Ill., filed May 7, 2019)).[1] In each of those actions, the courts granted a motion for a Temporary Restraining Order and Order of Seizure, pursuant to which HYBE and its authorized representatives seized a substantial amount of counterfeit and infringing Bootleg Merchandise from bootleggers in the vicinity of BTS's concert performances.

21.     Plaintiffs now seek the same relief granted by those courts in 2019 and 2021, albeit in connection with BTS's upcoming scheduled concert performances.

---

[1] At the time of the 2019 proceedings, HYBE was known as "Big Hit Entertainment Co. Ltd."

## FIRST CAUSE OF ACTION

## (VIOLATION OF THE LANHAM ACT)

22. Plaintiffs repeat and reallege each allegation set forth in the foregoing paragraphs, as though fully set forth herein.

23. BTS has used its inherently distinctive name and Trademark to identify officially authorized goods and services and to distinguish it from other musical performing groups. BTS has, among other things, prominently displayed the Trademark in advertising and promotional material; in and on compact discs, audiotape boxes, and streaming services; and on merchandise, including the Tour Merchandise. Plaintiffs and BTS have realized, and expect to realize, substantial income from the sale of merchandise bearing BTS's Trademark (including the Tour Merchandise), and hundreds of thousands of such items have been sold throughout the United States.

24. As a result of the foregoing, BTS's Trademark has developed and now possesses secondary and distinctive meaning to purchasers of the Tour Merchandise.

25. BTS has achieved wide renown during its career in the music industry. Its Trademark has been used in interstate commerce on and for the purpose of identifying, among other things, Tour Merchandise, including T-shirts and other apparel.

26. BTS has a decidedly strong and loyal following among concert-goers, record buyers, and subscribers to streaming services. It has appeared—and will appear—in concerts at major arenas and stadiums in the United States and around the world and has been seen and heard in concert by millions of popular music enthusiasts.

27. In connection with the Tampa Shows and other U.S. concert performances on the Tour, HYBE has licensed the Trademark for use in and on official Tour Merchandise to be sold in the vicinity of the tour venues. Specifically, HYBE has licensed such rights to its wholly-owned U.S. subsidiary HYBE America, which has entered into an agreement with Amazon.com Services, LLC authorizing that entity to sell official Tour Merchandise.

28. Defendants have engaged, and will continue to engage, in the unauthorized manufacture, distribution and sale of the Bootleg Merchandise in interstate commerce, in the vicinity of the Tampa Shows, and will continue to do so on future stops on the Tour to the great injury of Plaintiffs and the Artist.

29. The Bootleg Merchandise is of the same general appearance as the Tour Merchandise and is likely to confuse prospective purchasers as to the source or sponsorship of such Bootleg Merchandise.

30. The Bootleg Merchandise is generally of inferior quality. The sale of such merchandise is likely to injure the reputation of BTS and Plaintiffs, which have developed the reputation for high quality associated with the Tour Merchandise by virtue of BTS's public performances and Plaintiffs' sale of officially licensed BTS merchandise in connection with such performances.

31. The manufacture, distribution, and sale of Bootleg Merchandise by Defendants, and those acting in concert with Defendants, constitutes a false designation of the source of origin of such goods and falsely describes and represents such merchandise, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

32. The aforesaid acts by Defendants are likely to cause the purchasing public to believe that the sale of such Bootleg Merchandise is authorized, sponsored, or approved by BTS and Plaintiffs and that such Bootleg Merchandise is subject to the same quality control and regulation required by BTS and Plaintiffs. It also injures Artist and Plaintiffs in that Defendants do not have to pay any royalty for these unlawful sales.

33. The use by Defendants and others of BTS's Trademark constitutes an attempt to palm off and appropriate to themselves BTS's and Plaintiffs' exclusive rights therein.

34. Defendants have engaged, and will continue to engage, in such unauthorized activities in this state to the great injury of Plaintiffs and BTS.

11

35. As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have suffered injury in fact, as described herein.

36. Plaintiffs have no adequate remedy at law and have suffered, and will continue to suffer, irreparable harm and damage as a result of Defendants' aforesaid acts, which, if not enjoined, will cause injury and monetary loss in an amount presently incalculable.

## SECOND CAUSE OF ACTION

## (UNFAIR COMPETITION)

37. Plaintiffs repeat and reallege each allegation set forth in the foregoing paragraphs, as though fully set forth herein.

38. The aforesaid acts by Defendants have been, and will continue to be, committed with full knowledge of the rights of Plaintiffs and BTS, and with the intent and effect of misleading and confusing the public and misappropriating and trading upon the property rights, goodwill and reputation inhering to the name and likeness of BTS.

39. Such misappropriation and unfair competition will interfere with Plaintiffs' rights and ability to exploit the commercial value of BTS's Trademark.

40. Plaintiffs have no adequate remedy at law and have suffered, and will continue to suffer, irreparable harm and damage as a result of Defendants'

aforesaid acts, which, if not enjoined, will cause injury and monetary loss in an amount presently incalculable.

## THIRD CAUSE OF ACTION

### (VIOLATION OF THE RIGHT OF PUBLICITY)

41. Plaintiffs repeat and reallege each allegation set forth in the foregoing paragraphs, as though fully set forth herein.

42. By virtue of the expenditures of time, effort, and talent by BTS and Plaintiffs in advertising, publicizing, and promoting the accomplishments of BTS and through extensive commercial exploitation of the group's and its members' public personas, BTS and Plaintiffs have created rights of publicity in BTS's name.

43. By virtue of assignment from BTS, Plaintiffs are the owners and exclusive licensees of BTS's and its members' rights of publicity in their names and likenesses. Defendants have used, and will continue to use, BTS's Trademark without authorization and for purposes of trade and for other commercial purposes.

44. The aforesaid uses of the Trademark by Defendants constitute infringements of such rights of publicity pursuant to Fla. Stat. §§ 540.08 *et seq*.

45. As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have suffered injury in fact, as described herein.

46.   Plaintiffs have no adequate remedy at law and have suffered, and will continue to suffer, irreparable harm and damage as a result of Defendants' aforesaid acts, which, if not enjoined, will cause injury and monetary loss in an amount presently incalculable.

## FOURTH CAUSE OF ACTION

## (VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT)

47.   Plaintiffs repeat and reallege each allegation set forth in the foregoing paragraphs, as though fully set forth herein.

48.   Plaintiffs' claim hereunder arises under the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201 *et seq*.

49.   The aforesaid acts by Defendants constitute deceptive trade practices in violation of Fla. Stat. § 501.204 insofar as Defendants are knowingly passing off the Bootleg Merchandise as being affiliated with, sponsored by, or approved by Plaintiffs and/or BTS, when in fact it is not.

50.   The aforesaid acts by Defendants likely to cause the purchasing public to believe that the sale of such Bootleg Merchandise is affiliated with, sponsored by, or approved by Plaintiffs and/or BTS and that such Bootleg Merchandise is subject to the same quality control and regulation required by BTS and Plaintiffs, when in fact it is not.

51. As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have suffered injury in fact, as described herein.

52. Plaintiffs have no adequate remedy at law and have suffered, and will continue to suffer, irreparable harm and damage as a result of Defendants' aforesaid acts, which, if not enjoined, will cause injury and monetary loss in an amount presently incalculable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek relief as follows:

1. That Defendants, their agents, servants, employees, officers, attorneys, successors, and assigns, and all persons acting in concert with Defendants, or on their behalf, be enjoined preliminarily during the course of this litigation and permanently, from:

    a. manufacturing, distributing, selling, offering for sale, holding for sale or advertising any products bearing the name, trademark, or likeness of BTS or any colorable variation thereof; and

    b. representing that any article of merchandise manufactured, distributed, sold, held for sale or advertised by them is sponsored or authorized by Plaintiffs.

2. That this Court authorize agents of Plaintiffs, the local and state police, and/or any persons acting under their supervision, to seize and impound any and all Bootleg Merchandise which the Defendants attempt to sell, distribute or hold for sale at, within, or in the vicinity of the Tampa Shows and

the other U.S. concert performances on the current Tour, before, during and after said concerts.

3. That Defendants deliver up for destruction all Bootleg Merchandise bearing the name, trademark, or likeness of BTS.

4. That Defendants pay to Plaintiffs damages in an amount to be determined based upon Plaintiffs' loss of income from Defendants' unauthorized activities.

5. For an award of attorneys' fees and costs pursuant to 15 U.S.C. § 1117 and other operation of law.

6. That Plaintiffs have such other and further relief as the Court deems to be reasonable, necessary and just.

DATE: April 9, 2026

Respectfully submitted,

**K&L GATES, LLP**

*/s/ Jonathan B. Morton*
Jonathan B. Morton
Lead Counsel
Florida Bar No. 956872
jonathan.morton@klgates.com
Mallory Cooney
Florida Bar No. 125659
mallory.cooney@klgates.com
Southeast Financial Center
200 S. Biscayne Blvd., Suite 3900
Miami, FL 33131
Telephone: 305-539-3300
Facsimile: 305-358-7095

**LOEB & LOEB LLP**
Frank D'Angelo (*pro hac vice pending*)
fdangelo@loeb.com
Jeff Prystowsky (*pro hac vice pending*)
fdangelo@loeb.com
jprystowsky@loeb.com
345 Park Avenue
New York, NY 10154
Telephone : 212-407-4000
Facsimile :  212-407-4990

*Counsel for Plaintiffs*

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

HYBE Co. Ltd. F/K/A Big Hit Entertainment Co. Ltd., BigHit Music Co. Ltd. and HYBE America Inc.

**(b)** County of Residence of First Listed Plaintiff    Foreign
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jonathan B. Morton, Esq., K&L Gates, LLP, 200 S. Biscayne Blvd., Ste. 3900, Miami, FL 33131, (305) 358-7095

## DEFENDANTS

Various John Does, Jane Does, and XYZ Companies

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### CIVIL RIGHTS
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

### PRISONER PETITIONS

**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

### IMMIGRATION
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### INTELLECTUAL PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [X] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Lanham Act, 15 USC 1125, and Florida state law

Brief description of cause:
Violation of Lanham Act and Florida law by selling and distributing unauthorized bootleg merchandise

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes   [X] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE   4/9/2026

SIGNATURE OF ATTORNEY OF RECORD   /s/ Jonathan B. Morton

### FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.