UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HYBE CO. LTD., et al,

    Plaintiffs,

v.

                              CASE NO. 8:26-cv-01039-SDM-TGW

JOHN DOE et al,

    Defendants

CORI HAMMOND

    Movant.

_____/

## ORDER

In another action, (Case No. 8:26-cv-1039-SDM-TGW), *pro se* plaintiff Cori Hammond sues "Hybe Co., Ltd; Samsung Electronics Co., Ltd.; Netflix, Inc.; Bang Si-Hyuk; Bytedance Inc.; Mark Zuckerberg; Meta Platforms, Inc.; NBCUniversal Media; Jim Allen; Hard Rock International; Jensen Huang; Nvidia Corporation; Elon Musk; Tesla, Inc.; Michael Rapino; Live Nation Entertainment; Jeff Bezos; Amazon.com, Inc.; Roh Tae-Moon; Jay Y. Lee; Apple, Inc.; and Karoline Leavitt." In that action, an order denied Hammond's one-and-a-half page handwritten "motion for Emergency TRO" that does not specify the relief requested but appears to allege infringement of unspecified "patent pending . . . technology that include[s] identity awareness [sic]" developed by Hammond.

In this action, Hybe Co. Ltd., a defendant named in the other action, is among the plaintiffs alleging, among other claims, false designation of origin in violation of the Lanham Act and suing (Doc. 1) as-yet unidentified defendants who allegedly plan to sell "bootleg" merchandise at several upcoming concerts hosted at Raymond James Stadium in Tampa, Florida and featuring BTS, a popular South Korean music group. An earlier order (Doc. 17) in this action granted-in-part and denied-in-part the plaintiffs' motion (Doc. 5) for a temporary restraining order and provides the following relief and instructions:

> The defendants; the defendants' officers, agents, servants, employees, and attorneys; and other persons who are in active concert or participation with the defendants or with any of the foregoing are **ENJOINED** from manufacturing, distributing, or selling bootleg merchandise[1] bearing the trademarks[2] within a ten-mile radius of Raymond James Stadium in Tampa, Florida, from **APRIL 22, 2026**, until **MAY 1, 2026**.

> Under 15 U.S.C. § 1116(a), the United States Marshal, state and local law enforcement, plaintiffs' representatives. and any person acting under their supervision are authorized to seize and impound any bootleg merchandise offered or held for sale by the defendants within a ten-mile radius of Raymond James Stadium in Tampa, Florida, from **APRIL 22, 2026**, until **MAY 1, 2026**.

> The persons authorized above must deliver the confiscated bootleg merchandise to the plaintiffs' counsel, representative, or designee pending final disposition of this action.

---

[1] The order defines the sale of "bootleg merchandise" as "the unauthorized sale of photographs, posters, toys, stickers, and other merchandise."

[2] The order defines "trademarks" as "registered trademarks, service marks, names, likenesses, logos, and other indicia . . . of BTS."

> The plaintiffs must post a good and sufficient bond of $5,000 with the clerk no later than **APRIL 22, 2026**. The plaintiffs must advance to law enforcement any fee necessitated by the execution of this order.
>
> The plaintiffs must advance to law enforcement any fee necessitated by the execution of this order.
>
> The process server must provide a receipt to each person from whom bootleg merchandise is seized.
>
> The plaintiffs are deemed substitute custodian for all bootleg merchandise seized.
>
> Each defendant must identify himself or herself upon service, and the plaintiffs may photograph or otherwise document the defendants' identities.
>
> A defendant must file a response, if any, no later than **MAY 22, 2026**. The plaintiffs must file a reply to any response no later than **JUNE 5, 2026**.
>
> Any defendant may move for relief under the Federal Rules of Civil Procedure, but no motion stays this order absent further court order.

In accord with the final instruction and under Rule 24(a), Federal Rules of Civil Procedure, Hammond (the *pro se* plaintiff in the other action who is now situated in this action as a prospective defendant) moves (Doc. 18) to intervene as of right. The plaintiffs respond. (Doc. 24) In support of her motion, Hammond states (1) that "she is primary target" of the TRO; (2) that execution of the TRO will risk seizure of Hammond's "legitimate intellectual property and legal records" and Hammond's "proprietary technology and evidence for her pending patent litigation;" and (3) that Hammond "is the inventor and

- 3 -

owner of the identity-aware synchronization technology (U.S. Patent Application No. 19/445,116) utilized at the upcoming event."

Although failing in any pleading or motion in either action to which Hammond is a party or prospective party to describe the nature, function, form, purpose, or appearance of her purported "identity-aware synchronization technology," the exhibits attached to Hammond's motion to intervene suggest that the "identity-aware synchronization technology" developed by Hammond consists of "light sticks" provided to audience members at a concert and programmed to communicate with one another "so that hundreds or perhaps thousands of light sticks may create a moving and pulsating sea of lights for the band and audience to enjoy."

An excerpt from Hammond's exhibits suggests that the light sticks intended for sale or distribution qualify under the TRO as unauthorized "bootleg merchandise bearing the trademarks." In a document titled "LIGHT STICK SYSTEM AND METHOD," reportedly submitted in support of Hammond's patent application, Hammond states that "a typical light stick may include a handle portion and a head portion, with the head portion including multicolor programmable LEDs, sometimes configured with a rotating or other type of moving emblem branded to a particular band or artist."

Because a "light stick" qualifies as a "toy . . . or other merchandise" and because a "rotating or other type of moving emblem branded to a particular band or artist" qualifies as "registered trademarks, service marks, names,

likenesses, logos, and other indicia" of that artist, the sale or distribution of Hammond's "identity-aware synchronization technology" — now revealed to consist of unauthorized, unpatented, and potentially hazardous digital and electronic "light sticks" potentially bearing the infringing trademarks of BTS — might fall within the purview of the TRO. Should either party show that the "light sticks" violate the TRO, Hammond could "claim[] an interest relating to the property or transaction that is the subject of the action."

However, Hammond fails to plead that her "light sticks" include an "emblem branded to [BTS]" or otherwise violate the TRO. Accordingly, Hammond cannot "claim[] an interest relating to the property or transaction that is the subject of the action." Independently of this fatal error in her motion, Hammond's motion fails because (1) she failed to confer with the plaintiffs as required by Local Rule 3.01(g) and (2) the motion is not "accompanied by a pleading that sets out the claim or defense for which intervention is sought," as required by Rule 24(c), Federal Rules of Civil Procedure. Hammond's motion to intervene is therefore **DENIED**.[3]

Hammond is reassured that, if she sells, distributes, or manufactures "light sticks" or other merchandise that do not bear the trademarks, the TRO does not subject that merchandise to seizure. Hammond is further reassured

---

[3] Also (although her pleading is not entirely clear) Hammond appears to seek intervention as of right to prevent the issuance of a "seizure order." But the TRO already authorizes the seizure and impoundment of bootleg merchandise bearing the trademarks, which qualifies as the "seizure order" Hammond appears to contemplate. Her motion is therefore moot, which independently warrants denial.

that, if she does intend to sell, distribute, or manufacture "light sticks" or other merchandise bearing the trademarks within a ten mile radius of Raymond James Stadium from April 22, 2026 until May 1, 2026, and if she is served with process and her merchandise is seized, she may intervene as a defendant in this action and contest the seizure.

ORDERED in Tampa, Florida, on April 22, 2026.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE